IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

FILED
OCT 0 1 2013
Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 09-23-M-DWM |
| Plaintiff/Respondent, | |
| vs. | ORDER DISMISSING RECHARACTERIZED MOTION AND DENYING CERTIFICATE OF APPEALABILITY |
| DAVID PAUL PETERS, | |
| Defendant/Movant. | |

On September 26, 2013, Defendant David Paul Peters filed a "petition seeking redress of grievances." Peters is a federal prisoner proceeding pro se.

Peters filed a "petition" because he has already litigated to conclusion a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *See* Mot. § 2255 (doc. 168); Order (doc. 173); Order, *Peters*, No. 12-35235 (9th Cir. May 14, 2012) (denying certificate of appealability). Clearly, however, the "petition" is in reality a § 2255 motion, as Peters seeks relief against the sentence. The petition is therefore recharacterized as a second § 2255 motion.[1] Because the

---

[1] There is no need to give Peters notice and an opportunity to amend. The rule of *Castro v. United States*, 540 U.S. 375, 377 (2003), applies only to first motions, not second ones.

1

Court of Appeals did not pre-authorize its filing, 28 U.S.C. §§ 2255(h), 2244(c), the motion must be dismissed for lack of jurisdiction, *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

Because the Court of Appeals would have jurisdiction to entertain an application for leave to file a second or successive motion, the Court will consider whether transfer is in the interest of justice. 28 U.S.C. § 1631. But the motion plainly lacks merit. Peters claims that the Supreme Court's recent decision in *Alleyne v. United States*, __ U.S. __, 133 S. Ct. 2151 (2013), provides him a right to relief. It does not. The only factors giving rise to a statutory mandatory minimum in Peters' case were the quantity of heroin involved, 21 U.S.C. § 841(b)(1)(B)(i); Indictment (doc. 16) at 2, and Peters' criminal history, *see* 21 U.S.C. § 851; Information (doc. 33) at 3. Peters admitted he was responsible for more than 100 grams of heroin, see Change of Plea Tr. (doc. 134) at 16:15-17:10, which satisfies *Alleyne*, 133 S. Ct. at 2155, and *Apprendi v. New Jersey*, 530 U.S. 466, 483 n.10 (2000), and criminal history need not be proved to a jury at all, as *Alleyne* reconfirmed, *see Alleyne*, 133 S. Ct. at 2160 n.1 (citing *Almendarez-Torres v. United States*, 523 U.S. 224 (1998)).

Peters' advisory guideline calculation was increased because he was held responsible for 400 to 700 grams of heroin, rather than the bare 100 to which he

pled guilty.[2] But *Alleyne* explains that its holding "does not mean that any fact which influences judicial discretion must be found by a jury." 133 S. Ct. at 2163. The advisory guidelines are advisory because they influence – but do not cabin or control – judicial discretion. *See Booker v. United States*, 543 U.S. 220, 226 (2005) (invalidating two statutory provisions making sentencing guidelines mandatory). *Alleyne*, therefore, does not mean that factors elevating the advisory guideline calculation must be proved to a jury beyond a reasonable doubt or admitted in a plea colloquy.

Thus, even if the Court had jurisdiction over this unauthorized second § 2255 motion, the motion would be denied for lack of merit. The Court of Appeals would have jurisdiction, but a transfer would not be in the interests of justice, 28 U.S.C. § 1631, because the petition lacks merit.

A certificate of appealability is not warranted. There is no doubt about either the procedural posture of this case, *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012), or its lack of merit, 28 U.S.C. § 2253(c)(2).

Accordingly, IT IS HEREBY ORDERED as follows:

1. Peters' motion to vacate, set aside, or correct the sentence under 28

---

[2] Peters was also designated a career offender, but that designation depends on prior convictions and so falls under the rule of *Almendarez-Torres*.

3

U.S.C. § 2255 (doc. 181) is DISMISSED for lack of jurisdiction as an unauthorized second or successive motion;

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Peters files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 13-196-M-DWM are terminated and shall close the civil file by entering judgment in favor of the United States and against David Paul Peters.

DATED this 30th day of September, 2013.

Donald W. Molloy
United States District Court